**SANDONG LI, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72065

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 22, 2016

Jisheng Li, Attorney, Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Elizabeth Robyn Chapman, Trial Attorney, Russell John Verby, Trial Attorney, OIL, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Sandong Li, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Li's testimony, his asylum application, and his daughter's birth certificate as to her date of birth, the omission of an attempt by family planning officials to arrest Li's wife for sterilization, and on Li's false statements to an asylum officer. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"); *Zamanov v. Holder*, 649 F.3d 969, 973–74 (9th Cir. 2011) (adverse credibility determination properly relied on an omission where the added details presented more compelling story of persecution); *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011) ("An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story."). Li's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). We reject Li's contention that the agency did not consider his explanation for his misstatements to the asylum officer. Further, substantial evidence supports the BIA's finding that Li's evidence does not rehabilitate his credibility. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). We reject Li's contention that the BIA should have remanded his case. In the absence of credible testimony, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.